# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JOINT COLLECTION COMMITTEE OF SHEET METAL) | |
| AIR RAIL & TRANSPORTATION WORKERS ) | |
| LOCAL UNION NO. 2, ) | |
| and ) | |
| BOARD OF TRUSTEES OF THE SHEET METAL ) | |
| WORKERSNATIONAL PENSION FUND, ) | Case No. 4:19-CV-830 |
| and ) | |
| BOARD OF TRUSTEES OF THE SHEET METAL ) | |
| OCCUPATIONAL HEALTH INSTITUTE TRUST, ) | |
| and ) | |
| BOARD OF TRUSTEES OF THE NATIONAL ENERGY ) | |
| MANAGEMENT INSTITUTECOMMITTEE FOR THE ) | |
| SHEET METAL AND AIR CONDITIONING INDUSTRY ) | |
| and ) | |
| BOARD OF TRUSTEES OF THE INTERNATIONAL ) | |
| TRAINING INSTITUTE FOR THE SHEET METAL AND ) | |
| AIR CONDITIONING INDUSTRY ) | |
| And ) | |
| BOARD OF TRUSTEES OF THE SHEET METAL ) | **Additional Required** |
| WORKERS INTERNATIONAL ) | **Service Under 29** |
| U.S.C.SCHOLARSHIP FUND ) | **§ 1132(h) to:** |
| and ) | **U.S. Department of Labor** |
| BOARD OF TRUSTEES OF THE NATIONAL ) | **Attn: Assistant Solicitor** |
| STABILIZATION AGREEMENT OF THE ) | **for Plan Benefits Security** |
| SHEET METAL INDUSTRY ) | **200 Constitution Ave, NW** |
| Plaintiffs, ) | **Washington, DC 20002** |
| vs. ) | |
| C & R EQUIPMENT, LLC ) | **U.S. Dept. of Treasury** |
| d/b/a  C & R EQUIPMENT, ) | **Attn: Secretary of Treasury** |
| Serve:   R.A. Christine Benson ) | |
| 402 Taylor ) | **1500 Pennsylvania Ave, NW** |
| Belton, MO 64012 ) | **Washington, DC 20220** |
| and ) | |
| FOGEL-ANDERSON CONSTRUCTION CO., ) | |
| Serve:   R.A.  BCRS, Inc. ) | |
| 2323 Grand Blvd., Suite 1100 ) | |
| Kansas City, MO 64108 ) | |
| and ) | |
| LIBERTY MUTUAL INSURANCE COMPANY ) | |
| Serve:   CSC-Lawyers Incorporating Service Co. ) | |
| 221 Bolivar ) | |
| Jefferson City, MO 65101 ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, the Joint Collection Committee of the Sheet Metal, Air, Rail, & Transportation Workers Local Union No. 2 ("Collection Committee"), and Sheet Metal, Air, Rail, and Transportation Workers Local Union No. 2 ("Union) (collectively, "Collection Committee" for the "Union"); and the separate and individual Boards of Trustees (collectively, "Trustees") for the Sheet Metal Workers National Pension Fund ("NPF"), the Sheet Metal Occupational Health Institute Trust ("SMOHIT"), the National Energy Management Institute Committee for the Sheet Metal and Air Conditioning Industry ("NEMIC"), and the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), and the Sheet Metal Workers' International Scholarship Fund ("SMWISF"), and the National Stabilization Agreement of Sheet Metal Industry ("SASMI"), (NPF, ITI, NEMIC, SMOHIT, SASMI, and SMWISF collectively, the "National Funds"). The Collection Committee, Union, and collective Trustees of the National Funds state as follows for their claim against Defendants:

## I. Introduction and Facts Common To All Counts.

### Introduction

1. This is a civil action brought by employee benefit plans and/or joint labor-management organizations, and by the Collection Committee for the Union, and by the Trustees of the National Funds, pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132 and 1145. Jurisdiction and venue are conferred upon the Court by §§502(a), (d), (e), (f), and (g) of ERISA, 29 U.S.C. §1132 (a), (d), (e), (f) and (g); and §301(a) of the Labor Management Relations Act of 1947 ("LMRA"), *as amended*, 29 U.S.C. §185.

2. Plaintiffs seek, pursuant to §§502 and 515 of ERISA, 29 USC §§1132 and 1145, §301 of the LMRA, 29 USC §185, the collective bargaining agreement, the trust documents governing the Fund and National Funds, and the separate policies and procedures set forth by each of the Plaintiffs, and the Payment Bond related to the project that is the subject of this lawsuit, and R.S. Mo. § 34.057 and § 375.420:

    a. A monetary judgment on behalf of themselves against Defendants, jointly and severally, awarding delinquent contributions and other monetary liabilities, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment; and

    b. An order requiring Defendant C&R Equipment, LLC (hereinafter "C&R") to post a surety bond to secure future contribution obligations as allowed by ERISA; and

    c. An order requiring Defendants C&R and Fogel-Anderson Construction, Co., (hereinafter "Fogel-Anderson") to submit to an audit of their records to verify contribution amounts; and

    d. An order awarding Plaintiffs all damages available under R.S. Mo. § 34.057 and § 375.420; and

    e. Any other legal or equitable relief this Court deems fair and just under the circumstances.

**Jurisdiction and Venue**

3. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. §§ 1132 (e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

4. Venue is proper under § 502(e)(2) of ERISA, 29 USC § 1132(e)(2), as:

   a. The Fund is administered and the Union is operated in this district. Plaintiffs National Funds operate and administer their principal places of business located in the Commonwealth of Virginia, County of Fairfax, but derive their rights to contributions from the collective bargaining agreement operated and administered and work performed by Union members located in this district.

   b. Plaintiffs are the Joint Collection Committee representatives, duly appointed by the Trustees of the Fund and the officers of the Union; and the National Funds, each duly appointed by the separate Trustees of each named entity. The Fund is administered in Kansas City, Jackson County, Missouri. The Union operates in Kansas City, Jackson County, Missouri and Harrisonville, Cass County, Missouri, as well as various counties and states unrelated to this lawsuit. Plaintiffs National Funds each derive their separate rights to contributions from the Collective Bargaining Agreement administered and operated in this district and work performed by Union members located in this district.

5. Venue is also properly in this district because Defendants breached the relevant provisions of the collective bargaining agreement, and consequentially violated §515 of ERISA, 29 USC § 1145, within the district that relevant provisions of the collective bargaining agreement are required to be performed.

6. Pursuant to Section 502(h) of ERISA, 29 U.S.C. 1132(h), a copy of this Complaint will be served upon the Secretary of the United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

**Parties**

7.  Defendant C&R is a Missouri corporation with its principal place of business at Belton, Cass County, Missouri, and may be served by serving any officer at the business address, 22712 Joe Holt Parkway, Peculiar, Missouri 64078, or by serving its Registered Agent, Christine Benson, at 402 Taylor Lane, Belton, Missouri 64102.

8.  Defendant Fogel-Anderson is a Missouri corporation with its principal place of business at 1212 East Eighth Street, Kansas City, Jackson County, Missouri 64106, and may be served by serving any officer at the business address, or by serving its Registered Agent BRCS, Inc. 2323 Grand Blvd., Ste 1100, Kansas City, Jackson County, Missouri 64111.

9.  Defendant Liberty Mutual is a Massachusetts corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts, but which conducts business in Kansas City, Jackson County, Missouri, and Harrisonville, Cass County, Missouri, and may be served by serving any officer at the business address, or by serving its Registered Agent CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, Cole County, Missouri 65101.

10. Plaintiff Collection Committee:

    a.  Is the duly authorized representative of the Mo-Kan Sheet Metal Workers Welfare Fund and the Sheet Metal, Air, Rail, & Transportation Workers Local Union No. 2. The Union has delegated collection authority to the appointed members of the Collection Committee pursuant to the CBA and its authority as collective bargaining representative for Union members.

    b.  The Trustees of the Fund, who have been duly authorized to administer the Fund for the benefit of the participants and beneficiaries of the Fund, have delegated

authority for collection of delinquent amounts to the Collection Committee.

c. The Fund is an employee welfare benefit plan within the meaning of Sections 3(1) and 3(3) of ERISA, 29 USC § 1002(3)(1) and (3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 USC § 1002 (37), established and maintained for the purpose of providing health and welfare benefits to eligible employees and their eligible dependents. At all times relevant to this case, the Fund is and has been a jointly administered trust fund established pursuant to §301(c)(5) of the LMRA, 29 USC § 186(c)(5).

d. The Trustees of Fund are "fiduciaries" within the meaning of §3(21)(A) of ERISA, 29 USC §1002(21)(A), and are empowered to bring this action pursuant to §§502(a)(3) and 502(g)(2) of ERISA, 29 USC §1132(a)(3) and §1132(g)(2). Collection Committee brings this action in their collective names or, as necessary or appropriate, in the names of the respective trusts or plans and their participants and beneficiaries, and the Union and its members, pursuant to Federal Rule of Civil Procedure 17.

11. Plaintiff Board of Trustees of NPF is a duly authorized Board of Trustees whose duty it is to administer NPF for the benefit of the participants and beneficiaries of NPF. NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), established and maintained for the purpose of providing pension benefits to eligible employees. NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees are "fiduciaries" within the meaning of Section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). NPF, the NPF trust fund, and the Board of Trustees of NPF are individually or jointly referred to as "NPF" in this Complaint. NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

12. Plaintiff Board of Trustees of ITI is a duly authorized Board of Trustees whose duty it is to administer the plan for the benefit of the participants and beneficiaries of ITI. ITI is an employee welfare benefit plan within the meaning of Sections 3(1) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing apprenticeship training and educational benefits to eligible employees. ITI is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of ITI are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, the Board of Trustees and plan are individually and jointly referred to as "ITI" in this Complaint. ITI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

13. Plaintiff Board of Trustees of NEMIC is a duly authorized Board of Trustees whose duty it is to oversee the operations of NEMIC. NEMIC is a not-for-profit joint labor-management organization established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. § 186(c)(9), sponsored by the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART") and the Sheet Metal and

7

Air Conditioning Contractors' National Association ("SMACNA"), and funded by contributions under various collective bargaining agreements. NEMIC is located at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

14. Plaintiff Board of Trustees of SMOHIT is a duly authorized Board of Trustees whose duty it is to oversee the operations of SMOHIT. SMOHIT is a joint labor-management health and safety organization established under 29 U.S.C. § 186(c)(5) serving the sheet metal industry. The organization and its Trustees are individually and jointly referred to as "SMOHIT" in this Complaint. SMOHIT is located at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

15. Plaintiff Board of Trustees of SASMI is a duly authorized Board of Trustees whose duty it is to administer SASMI. SASMI is a trust fund established under 29 U.S.C. § 186(c)(5) and a "employee welfare benefit plan" and a "multiemployer plan" within the meaning of ERISA 3(1) and (37), 29 U.S.C. § 1002(1) and (37). The Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of ERISA sections 3(16) and 402(a), 29 U.S.C. §§ 1002(16) and 1102(a), and each individual trustee is a "fiduciary" within the meaning of ERISA section 3(21), 29 U.S.C. § 1002(21). The plan and its Trustees are individually and jointly referred to as "SASMI" in this Complaint. SASMI is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

16. Plaintiff Board of Trustees of SMWISF is a duly authorized Board of Trustees whose duty it is to administer SMWISF for the benefit of the participants and beneficiaries of the SMWISF. SMWISF is an employee welfare benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan

within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing funded scholarship benefits. SMWISF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of SMWISF are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually and jointly referred to as "SMWISF" in this Complaint. SMWISF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

17. Trustees of Plaintiffs National Funds bring this action in their collective names or, as necessary or appropriate, in the names of the respective trusts or plans and their participants and beneficiaries, and the Union and its members, pursuant to Federal Rule of Civil Procedure 17.

**Relationships Between the Parties**
   **Collective Bargaining Agreement**

18. At all times relevant to this action, Defendant C&R employed employees represented for the purposes of collective bargaining by the Union, a labor organization representing employees in an industry affecting interstate commerce.

19. Defendant C&R and Plaintiff Union are signatory to, bound by, and subject to the terms of a Collective Bargaining Agreement ("CBA"), the terms of which were in effect at all times relevant to this lawsuit. The CBA remained in effect from July 1, 2016 until June 30, 2019, and is attached as "Plaintiff's Exhibit A" and is incorporated as if set forth herein.

20. The CBA makes the Fund and National Funds third-party beneficiaries of the CBA.

9

The CBA requires Defendant C&R to submit monthly remittance reports and make contributions to the Fund and the National Funds pursuant to the terms of the Agreement(s) and Declaration(s) of Trust and other governing documents establishing the Fund and each of the National Funds.

21. The CBA requires Defendant C&R to deduct dues from the wages of Union members and submit those amounts monthly to the Union as a "Working Dues Assessment" for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of the Union.

22. The current contribution rates and "Working Dues Assessment" amounts are set forth in the CBA. The CBA also authorizes the Union and/or Trustees of each Plaintiff Fund to enforce collection of any amounts due.

23. Pursuant to the CBA, Defendant C&R is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and any policies and procedures adopted by the Trustees or by the Joint Collection Committee.

24. Pursuant to the CBA, Defendant C&R is obligated to abide by the terms and conditions of each Trust Agreement establishing each of the National Funds, including any amendments thereto and any policies and procedures adopted by the Trustees or any duly authorized committee.

25. Payments due to the Fund, Union, and National Funds are calculated based on remittance reports required to be prepared monthly by each contributing employer. This is a self-reporting system and the Union, Fund, and National Funds rely on the honesty and accuracy of contributing employers in reporting hours worked, hours

paid, and in reporting contributions owed for work by covered employees.

26. Without the information contained in the remittance reports, the Union, Fund, and National Funds cannot determine the entire amount of monthly contributions due or covered employees' continued eligibility for benefits.

**Project Owner, Contractor, Subcontractor, and Surety Bond**

27. This action arises due to non-payment of required contributions to Plaintiffs for work performed by Union members on a public property owned by Cass County, as governed by the Cass County Commission ("Commission"). The Commission is located at 102 East Wall Street, Harrisonville, Missouri 64701.

28. The Commission contracted with General Contractor, Defendant Fogel-Anderson, to perform work on the Cass County Courthouse, located at 2501 W. Mechanic Street, Harrisonville, Cass County, Missouri 64701. The contracted work is hereinafter called the "Courthouse Project".

29. As part of the requirements of the contract hiring Defendant Fogel-Anderson to perform work on the Courthouse Project, the Commission purchased a Payment Bond from Surety, Defendant Liberty Mutual, in the amount of two million five hundred forty-seven thousand dollars and zero cents ($2,547,000.00) ("Bond"). The Bond is attached as Plaintiffs' Exhibit "B", and is incorporated as if set forth herein.

30. General Contractor, Defendant Fogel-Anderson, contracted with Subcontractor, Defendant C&R, to perform work on the Courthouse Project. As General Contractor, Defendant Fogel-Anderson is responsible for the payment of contributions to Plaintiffs, along with any related penalties, liquidated damages, interest, or attorney's fees, in the event that Subcontractor C&R does not properly pay these amounts to

Plaintiffs.

31. Defendant Liberty Mutual, as Surety for the Payment Bond contract with the Commission covering the work of General Contractor Defendant Fogel-Anderson, is responsible for the payment of contributions to Plaintiffs, along with any related penalties, liquidated damages, interest, or attorney's fees, in the event that Subcontractor C&R does not properly pay these amounts to Plaintiffs.

## COUNT I—DELINQUENT CONTRIBUTIONS
## UNDER THE COLLECTIVE BARGAINING AGREEMENT

32. All foregoing paragraphs are incorporated as if restated and set forth herein.

33. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

34. For purposes of this Complaint, the work for which Defendant C&R was required to pay contributions to the Union, Fund, and the National Funds as described herein shall be called "bargaining unit work." Completed remittance reports and accompanying contribution payments for bargaining unit work are due and must be submitted:

   a. to the Union and Fund, on the tenth (10th) day of each month following the month in which bargaining unit work is performed, and are delinquent if received after the fifteenth (15th) day of that month; and

   b. to the National Funds, no later than the twentieth (20th) day after the end of each month during which covered work was performed and are delinquent if received thereafter.

35. Pursuant to the terms of ERISA, the CBA, the respective Trust Agreement(s) and applicable policies and procedures of each entity listed below:

a. For the Collection Committee, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, the following assessments apply:

   i. A one-time late fee of $500 is assessed for each month a remittance report and/or related contributions are delinquent.

   ii. The Collection Committee may additionally assess interest and liquidated damages on unpaid delinquent contributions as set forth in ERISA, as well as requiring contributing employers who are frequently delinquent to post a surety bond to insure payment of future contributions owed to the Union and Fund.

   iii. The Collection Committee may require an audit of the records of contributing employers for purposes of verifying employer remittance reports and contribution amounts.

b. For the National Funds, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the CBA, the Trust Documents, and Section 301 of the LMRA, 29 U.S.C. § 185, if a contributing employer fails to timely submit the contractually required remittance reports and contribution payments, the contributing employer is required to pay the following amounts to the National Funds:

   i. Interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily;

   ii. Liquidated damages equal to the greater of fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions

13

that the contributing employer fails to pay within 30 days after the due

date, and before any lawsuit is filed;

    iii.  The greater of interest on the delinquent contributions at the above rate

or liquidated damages equal to twenty percent (20%) of the delinquent

contributions owed upon commencement of litigation; and

c.  For all Plaintiffs, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132

and 1145, the CBA, the applicable Trust Documents and/or policies and

procedures, and Section 301 of the LMRA, 29 U.S.C. § 185, Defendants may be

ordered by this Court to pay all attorneys' fees and costs incurred by the Plaintiffs

in pursuing the delinquent amounts, including the attorneys' fees and costs in this

action.

36. Defendant C&R has failed and refused to pay any contributions owed for the months of

July and August, 2018 to the Union, Fund, or National Funds, which are currently

delinquent. The amount of contributions are unknown at this time, but upon knowledge

and belief are estimated as approximately nineteen thousand, three hundred eighty-one

dollars and six cents ($19,381.06) owed to the Union and Fund, and approximately

forty thousand dollars and zero cents ($40,000) owed to the National Funds.

37. Further, Defendant C&R has failed and refused to pay contributions to the Union and

Fund in a timely manner for bargaining unit work performed in July and August, 2018,

resulting in the Collection Committee assessing a $500 late fee for each of those

months, for a total of one thousand dollars and zero cents ($1,000.00) of late fees for

those months. Defendant C&R has failed and refused to pay the assessed late fees.

38. In summary, upon information and belief, the amount of delinquent contributions owed

to the Collection Committee, Fund, and National Funds is at least sixty thousand, three hundred eighty-one dollars and six cents ($60,381.06), plus an unknown amount at this time, plus late fees of one thousand dollars ($1,000), plus interest and liquidated damages at the rate allowed by Collection Committee, applicable Trust Agreements of the Fund and National Funds, the CBA, applicable policies and procedures, and ERISA, with additional amounts due and owing monthly as additional bargaining unit work is discovered and/or performed.

39. Defendant C&R has materially breached its obligations under the CBA, thereby damaging Plaintiffs. To obtain compliance with the CBA, Plaintiffs are authorized by the terms of the Fund's Trust, the National Funds' separate Trusts, the terms of the CBA, applicable collection policies and procedures, and ERISA §515, 29 U.S.C. §1145, and ERISA §502, 29 U.S.C. §1132, to initiate legal action.

40. As set forth in Counts II, III, and IV below, Defendant Fogel-Anderson is liable as General Contractor for Subcontractor C&R's breach of its obligations as set forth herein.

41. As set forth in Counts II, III, and IV below, Defendant Liberty Mutual is liable as Surety for Contractor Fogel-Anderson's and Subcontractor C&R's breach of its obligations set forth herein.

42. Prior to commencing this lawsuit, Union, the Fund, and the National Funds sent letters and directly contacted each of the Defendants to obtain the outstanding contributions and late fees owed, and notified Defendants that if further legal action was pursued, additional amounts would be assessed against Defendants as allowed by the relevant CBA, Trusts, policies and procedures, and ERISA. Despite these communications,

Defendants have failed to satisfy their obligation to Plaintiffs, and Plaintiffs believe there is little prospect that, lacking judicial compulsion, Defendants will satisfy their obligations to Plaintiffs, and pay the delinquent and unpaid contributions, liquidated damages, interest, and late fees due on the delinquent and unpaid contributions.

43. Defendants C&R and Fogel-Anderson have in the past, and may in the future, perform bargaining unit work within the jurisdiction of Union through its employees and other persons covered by the terms of the CBA, causing additional amounts to become due each month. Defendants C&R and Fogel-Anderson have anticipatorily and materially breached their obligations with respect to bargaining unit work performed after the filing of this Complaint.

44. ERISA §502(g), 29 U.S.C. §1132(g), provides that where a judgment in favor of Plaintiffs is awarded, the Court shall award Plaintiffs the unpaid contributions; interest; reasonable attorneys' fees and costs; and liquidated damages in an amount not in excess of twenty percent (20%) of the amount of the unpaid contributions.

## COUNT II
## CLAIM AGAINST BOND

45. All foregoing paragraphs are hereby restated and incorporated as if set forth herein.

46. Under Missouri's "Little Miller Act", R.S. Mo. §34.057, §34.058.1, §8.250 and §6.04.100, Missouri requires that a payment and performance bond be posted for public construction contracts in excess of twenty-five thousand dollars ($25,000) or if entered into by any officer or agency of any city containing five hundred thousand (500,000) inhabitants or more. Such bond, among other conditions, shall be conditioned for the payment of any and all materials incorporated, consumed, or used in connection with the construction of such work, and all insurance premiums,

compensation, and all other kinds of fringe benefit contributions for the work, and for all labor performed in such work, whether by subcontractor or otherwise.

47. The Bond entered into between the Commission and Liberty Mutual covers the work performed by Defendants Fogel-Anderson and C&R, as required by Missouri's "Little Miller Act."

48. Plaintiffs made timely claims for the unpaid contributions referenced in this lawsuit under the terms of the Bond.

49. To date, Defendant Liberty Mutual has not made any payment on the Bond claim to Plaintiffs, but has not issued a formal denial of claim to Plaintiffs.

50. Defendant Liberty Mutual has required information from Plaintiffs that is under the direct control of Defendants C&R and Fogel-Anderson as a condition precedent to making payment to Plaintiffs under the Bond.

51. Plaintiffs have requested the information required by Defendant Liberty Mutual from Defendants Fogel-Anderson and C&R multiple times, including verbally and in writing, but have not received information in response that is sufficient to satisfy Defendant Liberty Mutual.

52. In fact, for July and August 2018, the information provided in remittance reports to Plaintiffs by Defendant C&R varies substantially from the information provided to both the Commission and Defendant Fogel-Anderson for the same time period. Upon information and belief, there is an approximate difference of five hundred twenty-five (525) hours reported by Defendant C&R among multiple reports covering this time period, as submitted to the Commission, Fogel-Anderson, the Fund, and the National Funds.

53. Completion of the administrative process required by Defendant Liberty Mutual is futile, because Plaintiffs do not have possession of or control over the required information, and Defendant C&R has failed and refused to cooperate in providing accurate reports.

**COUNT III**
**VIOLATION OF MISSOURI'S PROMPT PAY ACT ("MPPA")**
**FOR PUBLIC CONTRACTS UNDER R.S. MO. §34.057**

54. All former paragraphs are incorporated as if restated and set forth herein.

55. The Courthouse Project is owned and governed by the Commission, which is the governing entity for Cass County, Missouri.

56. The Commission entered into the relevant construction contracts for the Courthouse Project with Defendant Fogel-Anderson, and the Bond agreement with Defendant Liberty Mutual.

57. Defendant Fogel-Anderson entered into a subcontract with Defendant C&R to perform work on the Courthouse Project.

58. The Courthouse Project is governed by a public works contract as defined in R.S. Mo. §34.057.

59. The MPPA, R.S. Mo. §34.057, provides in part that progress payments shall be made to a contractor by the owner every thirty (30) days and, if the contractor and owner determine that a subcontractor's performance of contracted work has been completed and the subcontractor can be paid and released prior to substantial completion of the entire contracted project without risk to the owner, payment may be made to the subcontractor in full, prior to full completion of the project. Additionally, subsection 7 provides that the court may determine that, in the event of default of the MPPA

provisions or a surety fails to exercise its duties to subcontractors under a payment bond, direct payment to the subcontractor may be required.

60. Plaintiffs have made proper demands for payment to all Defendants.

61. More than thirty (30) days have passed since Plaintiffs' demands were made, and no payment has been made by any Defendant.

62. More than thirty (30) days have passed since the work performed by Defendants Fogel-Anderson and C&R was complete.

63. Defendants have raised no issues with quality of work or other contractual performance by Defendant C&R that would prevent payment to Plaintiffs.

64. By failing to pay Plaintiffs, the Commission and Defendant Fogel-Anderson have breached the MPPA.

65. The MPPA breach by the Commission and Defendant Fogel-Anderson is not justified and, therefore, prompt payment to Plaintiffs is required.

**COUNT IV**
**VEXATIOUS REFUSAL TO PAY UNDER**
**MISSOURI LAW R.S. MO. 375.420**
**DEFENDANT LIBERTY MUTUAL**

66. All foregoing paragraphs are incorporated as if reinstated herein.

67. Defendant Liberty Mutual and the Commission entered into an agreement, as a direct result of the requirements of the Little Miller Act, for Payment Bond for work performed on the Courthouse Project by Defendant Fogel-Anderson and its subcontractors, including but not limited to Defendant C&R.

68. Plaintiffs have made demands to Defendants and filed their claims with Defendant Liberty Mutual for unpaid contributions on the Courthouse project, as described and

set forth herein, and have fulfilled their obligations under the Bond agreement.

69. To date, Defendant C&R has outstanding unpaid contributions for July and August 2018, including liquidated damages, interest, attorneys' fees, and other amounts unknown at this time ("Related Amounts").

70. Defendant C&R's failure to pay the required contributions and Related Amounts triggered Plaintiffs' entitlement to the proceeds of the Payment Bond.

71. Plaintiffs made demands to Defendant Liberty Mutual for the proceeds of the Payment Bond, but Defendant Liberty Mutual failed or refused to pay these proceeds to Plaintiff.

72. In doing so, Defendant Liberty Mutual breached its agreement.

73. Defendant Liberty Mutual's refusal to pay Plaintiff's claim was without reasonable cause or excuse.

74. As a direct result of such breach, Plaintiffs were damaged.

75. Defendant Liberty Mutual's actions, as noted above, were vexatious, outrageous, displayed an evil motive and/or were recklessly indifferent to the rights of Plaintiffs.

### **Prayer For Relief/Remedies**

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendants, jointly and severally, and in favor of the Plaintiffs awarding:

A. A declaration that Defendant C&R is delinquent in remitting contributions to all Plaintiffs pursuant to the CBA;

B. Delinquent contributions in the principal amount of at least $59,381.06, plus additional contribution amounts as they become known during this litigation for delinquent contributions for the months of July and August 2018, and any other

period for which delinquencies are discovered; plus

C. Accrued late fees to Plaintiff Collection Committee of $1,000;  plus

D. An amount to Plaintiffs National Funds for interest on all delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of the judgment, as well as interest accruing to the date of payment;

E. Requiring Defendants to submit to audits of Defendant Fogel-Anderson's and Defendant C&R's records to verify remittance reports and contributions due, and assessing the costs of such audits against Defendants Fogel-Anderson and Defendant C&R, jointly and severally; plus

F. An amount equal to any unpaid contributions for bargaining unit work beginning in July 2018 to present that becomes due each and every month until the date of judgment; plus

G. Liquidated damages:

    a. On behalf of Plaintiff National Funds, equal to the greater of interest on the delinquent contributions calculated at the above rates—20% of the delinquent contributions outstanding as of the date of the filing of this action or 10% of the contributions Defendants failed to pay within 30 days after the due date

    b. On behalf of Plaintiff Collection Committee, interest accrued on delinquent contributions at a rate of 10%; plus

    c.    On behalf of Plaintiff Collection Committee, liquidated damages equal to 10% of the unpaid balance for the first two months, and 20% thereafter; plus

H. On behalf of all Plaintiffs, Plaintiffs' attorneys' fees and costs, in the amount incurred by Plaintiffs in pursuing delinquent contributions, as authorized by Section 502(g) of ERISA; plus

I. A declaration that Plaintiffs are entitled to payment under the Bond for work performed on the Courthouse Project by Defendant C&R in the amounts listed herein, and ordering Defendant Liberty Mutual to pay those amounts; plus

J. A declaration that Defendant Fogel-Anderson is in breach of the Missouri Prompt Pay Act; plus

K. An amount, as Plaintiffs' actual, compensatory, punitive, and liquidated damages; plus

L. A declaration, awarding injunctive relief requiring payment of all Bond payments and any other amounts owed under this lawsuit; plus

M. An amount, awarding all damages available under §375.420 R.S. Mo.; plus

N. An amount, awarding all damages available under R.S. Mo. §34.057; plus

O. An award, granting any other legal or equitable relief as this Court deems just and proper.

## **Demand for Jury Trial and Designated Place of Trial**

Plaintiffs hereby demand a trial by jury in this matter and designate Kansas City, Missouri, as the place of trial, and request that the Court direct trial at such place.

Respectfully Submitted,

Rouse Frets White Goss Gentile Rhodes, P.C.

*/s/ Marsha R. Woodward*

22

Marsha R. Woodward     MO#49932
1100 Walnut, Suite 2900
Kansas City, Missouri 64106
(816) 292-7600 phone (816) 292-7601 fax
mwoodward@rousepc.com

*/s/ Brian H. Dunn*
Brian H. Dunn     MO#30538
1100 Walnut, Suite 2900
Kansas City, Missouri 64106
(816) 292-7600 phone (816) 292-7601 fax
bdunn@rousepc.com

*/s/ Daniel O. Herrington*
Daniel O. Herrington  MO#35646
4510 Belleview Ave., Suite 300
Kansas City, Missouri 64111
(816) 753-9200 phone (816) 753-9201 fax
dherrington@rousepc.com

ATTORNEYS FOR PLAINTIFFS